**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2702-17T2

MING ZHANG,

      Plaintiff-Appellant,

v.

SONDRA MINUSKIN,

      Defendant-Respondent.

_____

> Submitted November 20, 2019 - Decided December 12, 2019
>
> Before Judges Koblitz and Mawla.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3223-14.
>
> B. David Jarashow, attorney for appellant.
>
> Law Office of Michael A. D'Aquanni, LLC, attorneys for respondent (Michael A. D'Aquanni, on the brief).

PER CURIAM

    Plaintiff Ming Zhang appeals from a December 20, 2017 order granting defendant Sondra Minuskin summary judgment dismissal of a complaint

sounding in breach of contract on a loan agreement and seeking replevin of an iPad and earrings plaintiff gave defendant. Plaintiff's appeal only addresses the decision on the loan, which we affirm.

The parties met through an online dating website and began dating in June 2013. During the relationship, plaintiff paid for numerous items for defendant, including a pair of diamond earrings and an iPad he purchased in July 2013.

In July 2013, plaintiff also wrote a check for $65,000 to help defendant pay off her student loans. In return, he contemporaneously prepared a handwritten promissory note, which defendant signed, stating: "I [defendant] am [borrowing] $65,000.00 from [plaintiff]. This is an unsecured loan used for paying Sallie Mae student loans. The amount will be paid back by [July 21, 2033]."

In October 2013, the parties began residing together until defendant moved out in August 2014. Shortly thereafter, plaintiff sent text messages to defendant's sister, mother, and son, demanding defendant return the $65,000. Plaintiff also contacted defendant at work with similar demands. As a result, defendant obtained a temporary restraining order. A day later, she sent an email to plaintiff stating: "Although you gave the money to me as a gift, the situation between us has changed and I will pay you back the money."

Defendant's domestic violence complaint was dismissed following a trial. In addressing defendant's need for a final restraining order, the Family Part judge discussed the fact that the parties had a financial relationship. However, the judge determined a restraining order was unnecessary because the parties "need not have any interaction with one another any longer." Notably, the judge also stated she was not adjudicating the validity of the alleged contract to repay the $65,000. She stated: "this forum is not to be used to give either party an advantage in a civil lawsuit involving a claim that someone may or may not owe $65,000."

In 2017, plaintiff filed a Law Division complaint, in response to which defendant moved for its dismissal by summary judgment. She contended the iPad, earrings, and $65,000 were gifts. In the alternative, she contended if the $65,000 were a loan, plaintiff's claim for breach was not ripe because the loan was not payable until 2033.

The motion judge concluded the $65,000 was not a gift, but instead a loan because plaintiff provided a promissory note. However, the judge found there was no breach of the promissory note because it

> was never modified in a way that would require an immediate payment of the $65,000. . . .

A-2702-17T2

Further, no terms were set forth that would alter the payment schedule. . . . [Defendant's] email only states that she intended to pay back the $65,000. . . . [I]t does not say that she will pay it back immediately or in any particular style. This coupled with the fact that the . . . promissory note require[d] payment [by] July 21st, 2033[,] convinces the [c]ourt that this matter is not ripe.

A lender cannot claim damages arising out of a breach of contract when the contract has not yet been breached.

The motion judge further held

because there is no evidence of modification and the performance date is July 21st, 2033, the matter is not ripe.
. . . .

Just to be clear, though, this does not leave . . . plaintiff without any remedy. When the time comes for the $65,000 to be paid and it's not paid, obviously, . . . plaintiff could then bring a claim for breach of contract.

We review an order granting summary judgment de novo. See Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). We apply the same standard as the trial court, consider all the evidence submitted in the "light most favorable to the non-moving party," and determine if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine

4

the truth of the matter. Ibid. The court's role is to determine whether there is a genuine issue for trial. Ibid.

On appeal, plaintiff argues summary judgment was improper because defendant's acknowledgement of the obligation to pay the debt in an email, a statement she made to police, and the Family Part judge's findings proved the repayment due date under the promissory note was modified. He asserts defendant's attempt to obtain a restraining order against him proves she "was trying to use the judicial system to get a leg up on [him] in his efforts to recover the $65,000." He argues a jury should consider these factual allegations.

A contract arises from an offer and acceptance that must be sufficiently definite so the performance by each party can be ascertained with reasonable certainty. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). The parties must also manifest an intention to be bound by the essential terms of the agreement. Ibid. Whether an offer capable of acceptance has been made depends upon "what meaning the words should have conveyed to a reasonable person cognizant of the relationship between the parties and all of the antecedent and surrounding facts and circumstances." Esslinger's, Inc. v. Alachnowicz, 68 N.J. Super. 339, 344 (App. Div. 1961). A modification to an existing contract "can be proved by an explicit agreement to modify, or . . . by the actions and

A-2702-17T2

conduct of the parties, so long as the intention to modify is mutual and clear." Cty. of Morris v. Fauver, 153 N.J. 80, 99-100 (1998).

Here, the record contains no credible evidence of a contract whereby defendant agreed to pay the $65,000 immediately, or modification of the existing contract to accelerate the payment due merely because defendant stated she would pay plaintiff. No indicia of a mutual agreement to modify the original due date for the $65,000 sum, let alone an indication of precisely what the new due date was, exists in the record.

Similarly, we reject plaintiff's argument that the facts and findings from the domestic violence matter were dispositive of the summary judgment motion. As the motion judge noted, the Family Part judge expressly stated the domestic violence proceedings were not determinative of the parties' rights in this contract dispute. As a result, the domestic violence matter was not res judicata, because there was no final determination of the merits of the contract dispute. See Velasquez v. Franz, 123 N.J. 498, 505 (1991). Nor was it the law of the case because the contract dispute was not litigated before the Family Part judge only to be re-litigated in the Law Division. In re Estate of Stockdale, 196 N.J. 275, 311 (2008).

For these reasons, summary judgment in defendant's favor was properly granted. Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION